**Affirmed and Memorandum Opinion filed August 23, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-00831-CR

_____

**JORGE ALBERTO GARIVALDI, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1309850**

## MEMORANDUM OPINION

Jorge Alberto Garivaldi appeals his conviction for burglary of a motor vehicle, arguing that (1) he received constitutionally ineffective assistance of counsel because his appointed trial counsel failed to object when the State questioned appellant about several allegedly inadmissible prior convictions and when his arresting officer testified that appellant confessed to the crime, and (2) the trial court reversibly erred in denying his request on the day of trial for a continuance to hire new counsel. We affirm.

# I. FACTUAL AND PROCEDURAL BACKGROUND

Early on the evening of June 14th, 2011, Larry Hall returned to his home at the Willow Brook apartment complex in Houston, Texas. As he parked his car, Hall noticed a man emerging from the nearby bayou. Hall made eye contact with the man and watched as the man got on a bicycle. Hall went inside to get his garbage; when he came back outside, Hall noticed glass on the ground next to a yellow-colored Mitsubishi. The passenger-side window had been broken in, and the man from the bayou was no longer visible. Israel Ruiz, a security officer for the apartment complex, was patrolling the area next to Hall's apartment at the time Hall noticed the broken glass. Hall flagged down Ruiz and told him the details of the alleged burglary. He described the man he had spotted near the bayou as wearing a "square" shirt and told Ruiz the general direction in which he had seen the man riding his bicycle. Ruiz spotted appellant wearing a plaid shirt with blue and white squares and walking his bike. He noticed that appellant was bleeding from his elbow. At the sight of Ruiz, appellant took off on his bike. Ruiz chased after appellant, first on his security cart and then on foot, and eventually tackled him to the ground. When appellant continued to resist, Ruiz handcuffed appellant and called the police.

Officer Duran of the Houston Police Department arrived within minutes. Duran transferred appellant to his patrol car to conduct further investigation, "without having to worry about [appellant] running away on foot or try to attack one of us." Meanwhile, Duran went to the bayou to look for the stolen items from the Mitsubishi. He found a car stereo, a large screwdriver, and various CDs near a concrete pipe in the bayou. At trial, Duran testified that he found blood on the recovered stereo and told appellant that he would need to do a DNA test with appellant's blood. At that point, according to Duran, appellant replied, "I'm going to be honest with you. I did it. I needed the money. I have kids. Tell the guy I'll pay for his window. I'm sorry. Let me go. I just got out of jail. Let me go, please." The officer testified that this conversation took place while appellant was handcuffed in the back seat of Duran's patrol car.

Appellant was charged with burglary of a motor vehicle. Two days after his arrest, on June 16, 2011, appellant requested that the trial court appoint counsel. The trial court signed an order appointing Herman Martinez as defense counsel the same day. Trial commenced about three months later, on September 19, 2011. At a pretrial hearing held that morning, appellant asked the trial court for a continuance in order to find new counsel. He represented that Martinez had told him "it would take from six months to a year to take [appellant] to trial . . ." and it had actually taken only four months, and also complained that he had asked Martinez to file motions "to suppress evidence and to discover evidence" and Martinez had not done so. Asked about this, Martinez told the trial court that "[t]he State's file has always been open" and that he "didn't see a valid reason to file any motions that [appellant] requested." The trial court denied appellant's request for a continuance, noting, "You've been in jail for quite some time. You haven't hired an attorney or even spoken to anybody."

At trial, appellant took the stand in his own defense. Before he testified, the State introduced, without objection, a signed document in which appellant stipulated to two prior convictions for burglary of a motor vehicle. On cross-examination, the State questioned appellant about twelve prior convictions, including the two stipulated convictions for burglary of a motor vehicle; two convictions for evading arrest; and one conviction each for deadly conduct, unauthorized use of a motor vehicle, assault of a family member, failure to identify oneself to a police officer, burglary of a habitation, possession of a controlled substance, theft, and terroristic threat. Defense counsel did not object to any of these questions. The jury convicted appellant of burglary of a motor vehicle. After the sentence was handed down, the State offered thirteen exhibits into evidence, including documentation of five prior convictions not introduced during the guilt-innocence phase. These included convictions for criminal trespass, violation of a protective order, failure to stop and give information, and two counts of possession of marijuana. Trial counsel did not object to the admission of the post-verdict evidence. Appellant pleaded true to two enhancement paragraphs and the trial court sentenced him to seven years in prison.

Appellant waived his right to appeal the punishment but reserved his right to appeal the jury verdict.   This appeal ensued.

## II. QUESTIONS PRESENTED

In three issues, appellant argues that (1) trial counsel was constitutionally ineffective because he failed to object when the State questioned him about several inadmissible prior convictions, (2) trial counsel was constitutionally ineffective because he failed to object when Officer Duran testified that appellant confessed to the burglary, and (3) the trial court reversibly erred in denying his request for time to hire new counsel.

## III. ANALYSIS

### A.    Ineffective Assistance of Counsel

In his first two issues, appellant argues that he received constitutionally ineffective assistance of counsel.   We review claims of ineffective assistance of counsel under the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).   Under *Strickland*, an appellant must prove that his trial counsel's representation was deficient and that the deficient performance was so serious that it deprived appellant of a fair trial.   466 U.S. at 687, 104 S. Ct. at 2064.   To establish the first prong, an appellant must show that counsel's performance fell below an objective standard of reasonableness.   466 U.S. at 688, 104 S. Ct. at 2064.   Regarding the second prong, an appellant must demonstrate that counsel's deficient performance prejudiced his defense.   466 U.S. at 692, 104 S. Ct. at 2067.   To demonstrate prejudice, an appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.    466 U.S. at 694, 104 S. Ct. at 2068.   *See also Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) (explaining that "reasonable probability" as used in the prejudice prong is "probability sufficient to undermine confidence in the outcome" of the proceeding) (citing *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064).   Failure to make the required showing of either deficient

4

performance or sufficient prejudice defeats the claim of ineffectiveness.   466 U.S. at 697, 104 S. Ct. at 2069.

Our review of defense counsel's performance is highly deferential, beginning with the strong presumption that the attorney's actions were reasonably professional and were motivated by sound trial strategy.  *Jackson v, State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).   Rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of a claim of ineffective assistance of counsel. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).   In the majority of cases, the appellant is unable to meet the first prong of the *Strickland* test because the record on direct appeal is undeveloped.   *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007). When the record is silent as to trial counsel's strategy, we will not conclude that appellant received ineffective assistance unless the challenged conduct was "'so outrageous that no competent attorney would have engaged in it.'"   *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).   A sound trial strategy may be imperfectly executed, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006).   "[I]solated instances in the record reflecting errors of omission or commission do not render counsel's performance ineffective, nor can ineffective assistance of counsel be established by isolating one portion of trial counsel's performance for examination."   *McFarland v. State*, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992), *overruled on other grounds by Bingham v. State*, 915 S.W.2d 9 (Tex. Crim. App. 1994).

Finally, "[i]t is not sufficient that appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence." *Mata*, 226 S.W.3d at 430.   Rather, to establish that the attorney's acts or omissions were outside the range of professionally competent assistance, appellant must show that

counsel's errors were so serious that he was not functioning as counsel. *Patrick v. State*, 906 S.W.2d 481, 495 (Tex. Crim. App. 1995).

### (i)     Failure to Object to Prior Convictions

Appellant first complains about counsel's failure to object to several allegedly inadmissible prior convictions. Once a defendant testifies, he places his credibility at issue and may thereafter be impeached like any other testifying witness. *Geuder v. State*, 142 S.W.3d 372, 375 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). Rule 609(a) of the Texas Rules of Evidence provides that, for the purpose of attacking the credibility of a witness, evidence that a person was convicted of a crime shall be admissible if the prior conviction was a felony or a misdemeanor involving moral turpitude and the court determines the probative value of admitting the prior conviction outweighs its prejudicial effect. TEX. R. EVID. 609(a); *Geuder*, 142 S.W.3d at 375.

Appellant argues that counsel was ineffective for failing to object to eight prior convictions that he contends were inadmissible. However, five of these—two for possession of marijuana and one each for criminal trespass, violation of a protective order, and failure to stop and give information—were not admitted at the guilt-innocence stage of trial. Instead, they were admitted at the punishment stage, and appellant waived his right to appeal his punishment in this case. The sixth—for terroristic threat—may or may not have been admissible as a crime involving deception. *See Theus v. State*, 845 S.W.2d 874, 881 (Tex. Crim. App. 1992) (noting impeachment value of crimes of deception). The seventh and eighth—one for failure to identify oneself to a peace officer and one for deadly conduct—were likely inadmissible. Thus, we agree that three of appellant's prior convictions were at least arguably inadmissible.

However, appellant failed to file a motion for new trial and thus did not provide the trial court with an opportunity to hold a hearing on counsel's performance and develop a record for this appeal. Without a complete record, we will not conclude that appellant received ineffective assistance unless the challenged conduct was "'so outrageous that no

6

competent attorney would have engaged in it.'" An attorney is not necessarily ineffective for failing to object to inadmissible evidence. *See DeLeon v. State*, 322 S.W.3d 375, 381 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) ("even assuming that appellant is correct regarding the admissibility of this evidence, the record is silent as to why counsel did not object"); *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999) (declining to find that representation was ineffective where record did not explain counsel's failure to object to hearsay). As the State points out, counsel's strategy may have been to highlight that, although appellant admitted to several of the prior convictions (including those that likely were inadmissible), he would not admit to the charged offense because he was not guilty of it. Alternatively, counsel may not have wanted to draw more attention to appellant's prior criminal history with an objection, or he may have wanted to create the appearance that appellant was being open and honest on all questions. *See Ahmadi v. State*, 864 S.W.2d 776, 783 (Tex. App.—San Antonio 1993, no pet.). On this record, we will not abandon the presumption that counsel was motivated by sound trial strategy in declining to object to the arguably inadmissible prior convictions. *See Perez v. State*, 56 S.W.3d 727, 731 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) ("When the record is silent as to counsel's reasons for his conduct, finding counsel ineffective would call for speculation by the appellate court."). We overrule appellant's first issue.

### (ii) Failure to Object to Confession

Next, appellant complains of his counsel's failure to object when Officer Duran testified that he confessed to the burglary while in the back of Duran's patrol car. Appellant argues that his confession was inadmissible under Article 38.22 of the Texas Code of Criminal Procedure and *Miranda v. Arizona* because the police did not give him the required statutory warnings after putting him (already handcuffed) in the back of the patrol car before he confessed. *See* TEX. CODE. CRIM. PROC. ANN. art. 38.22 § 2 (West Supp. 2012); *Miranda*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). Article 38.22, consistent with *Miranda*, prohibits the use of an oral statement of an accused made

7

as a result of custodial interrogation unless an electronic recording is made of the statement, statutory warnings are given, and the accused knowingly, intelligently, and voluntarily waives any rights set out in the warnings. TEX. CODE CRIM. PROC. ANN. art. 38.22 § 3(a). *Miranda* and Article 38.22 apply only to custodial interrogation. *Id.* § 5; *Miranda*, 384 U.S. at 444 86 S. Ct. at 1612; *Dowthitt v. State*, 931 S.W.2d 244, 263 (Tex. Crim. App. 1996). A person is in "custody" only if, under the circumstances, a reasonable person would believe that his freedom of movement was restrained to the degree associated with a formal arrest. *Dowthitt*, 931 S.W.2d at 254 (citing *Stansbury v. California*, 511 U.S. 318, 322, 114 S. Ct. 1526, 1528–29, 128 L. Ed. 2d 293 (1994)). This determination depends on the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officers or the person being questioned. *Id.*

Here, Officer Duran testified that he transferred appellant to his patrol car to conduct further investigation "without having to worry about [appellant] running away on foot or try to attack one of us." Appellant had already been handcuffed by Ruiz at this time because he had physically resisted Ruiz. In *Balentine* v. State, 71 S.W.3d 763, 771 (Tex. Crim. App. 2002), the Court of Criminal Appeals held that the suspect was not in custody when he was handcuffed and placed in a patrol car because those actions were reasonably necessary to ensure the officer's safety. *Id.* at 771. Under Officer Duran's testimony, appellant was subjected not to a custodial interrogation but to an investigative detention. *See id.*; *Turner v. State*, 252 S.W.3d 571, 580 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd) (holding that suspect was not in custody when officer handcuffed him for officer safety while transporting him to the police station). In light of Officer Duran's testimony, counsel may have concluded that the statement was admissible. He may also have concluded that if appellant denied confessing on cross-examination, he would be impeached with the same testimony. *See* TEX. CODE CRIM. PROC. ANN art. 38.22 § 5 (statements obtained in violation of statutory requirements may still be admissible to impeach witness's credibility). Absent a record about counsel's trial strategy, we cannot rely on mere speculation to find counsel's performance deficient. *See*

8

*Perez*, 56 S.W.3d at 731–32 (overruling ineffective assistance claim where trial counsel failed to object on grounds that statement was obtained in violation of Article 38.22 but record was silent concerning reason for counsel's action).   We overrule appellant's second issue.

## B.      Denial of Request for Continuance to Hire New Counsel

Finally, appellant argues that the trial court reversibly erred in denying his request for time to hire new counsel.   As noted above, appellant's trial counsel was appointed two days after his arrest and about three months before trial.   Once the court has appointed an attorney to represent an indigent defendant, the defendant has been afforded the protections provided under the Sixth and Fourteenth Amendments and Article 26.04 of the Texas Code of Criminal Procedure.  *Malcom v. State*, 628 S.W.2d 790, 791 (Tex. Crim. App. [Panel Op.] 1982); *see* TEX. CODE CRIM. PROC. art. 26.04 (West 2011).   A defendant who is displeased with his appointed counsel must bring the matter to the attention of the trial court and has the burden of proof to show that he is entitled to a change of counsel. *Malcom*, 628 S.W.2d at 791.   Personality conflicts and disagreements concerning trial strategy are typically not valid grounds for withdrawal.   *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000) (so holding where appellant requested that counsel withdraw and asked trial court to appoint new counsel).   "A request for a change in counsel cannot be made so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice."  *Burgess v. State*, 816 S.W.2d 424, 428 (Tex. Crim. App. 1991).   A defendant cannot simply wait until the day of trial and then demand different counsel.  *Robles v. State*, 577 S.W.2d 699, 704 (Tex. Crim. App. 1979).   When, as here, a defendant makes a last-minute request to have new counsel appointed,

> [a] trial court has essentially three options . . . .   First, at its discretion the court can appoint, or allow the accused to retain, new counsel.  Second, should the trial court deny new counsel, and the accused unequivocally assert his right to self-representation . . . persisting in that assertion after proper admonishment, the court *must* allow the accused to represent himself. Third, unless the trial court allows new counsel, it must compel an accused

9

> who will not waive counsel and does not assert his right to self-representation to proceed to trial with the lawyer he has, whether he wants to or not.

*Id.* at 428–29. We review a trial court's granting or denial of a motion to appoint new counsel under an abuse-of-discretion standard. *Coleman v. State*, 246 S.W.3d 76, 85 n.36 (Tex. Crim. App. 2008) (citing *King*, 29 S.W.3d at 566). A trial court abuses its discretion only when its decision lies outside the zone of reasonable disagreement. *Walters v. State*, 248 S.W.3d 204, 214 (Tex. Crim. App. 2007).

Here, appellant asked for time to find new counsel on the day of trial, even though Martinez had been representing him for three months. Under these circumstances, granting a change would have "obstruct[ed] the orderly procedure in the courts or . . . interfere[d] with the fair administration of justice." *Burgess*, 816 S.W.2d at 428; *Robles*, 577 S.W.2d at 704. On the day of trial, appellant asked the trial court for more time to find new counsel on two bases: first, that his counsel had told him "it would take from six months to a year to take [appellant] to trial . . ." and it had actually taken only four months; and second, that appellant had asked counsel to "file motions to suppress evidence and to discover evidence" and counsel had not done so. In response to the second complaint, the trial court asked appellant what evidence he sought to suppress or to discover, and appellant stated only that "[t]hat's what I want to know, what evidence they got against me." However, Martinez stated that "the State's file has always been open" and that he "didn't see a valid reason to file any motions that [appellant] requested." Appellant presented no evidence that he was entitled to new counsel under these circumstances, and any disagreement about trial strategy was inadequate to meet this burden. *See King*, 29 S.W.3d at 566; *Solis v. State*, 792 S.W.2d 95, 100 (Tex. Crim. App. 1990) ("This dispute is largely a matter of trial tactics selected by defense counsel. . . . this Court will not use hindsight to second guess a tactical decision made by trial counsel which does not fall below the objective standard of reasonableness.").

After his request was denied, appellant refused to waive his right to counsel and also

refused to represent himself.   Under these circumstances, the trial court was required to "compel appellant to proceed to trial with the lawyer he ha[d], whether he want[ed] to or not."  *Burgess*, 816 S.W.2d at 429.   That is what the trial court did.   We conclude that the trial court did not abuse its discretion in denying appellant's motion for a continuance to hire new counsel, and overrule appellant's final issue.

## IV.  CONCLUSION

We affirm the trial court's judgment.


/s/      Tracy Christopher
Justice


Panel consists of Justices Boyce, Jamison, and Christopher.

Do Not Publish — TEX. R. APP. P. 47.2(b).